ORDERED.

Dated: May 23, 2017

UNITED STATES BANKRUPTCY COURT
MIDDLE

Catherine Peek McEwen
United States Bankruptcy Judge

In re:

GANLEY, TIMOTHY ROSS
GANLEY, KAREN ELIZABETH

    Debtor(s).

Case No. 8:16-bk-01054-CPM

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) BID PROCEDURES, (III) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, (IV) SECURED LENDER'S RIGHT TO CREDIT BID, AND (V) OTHER RELIEF**
(201 6th Street S, Unit 101, St. Petersburg, FL 33701)

THIS CASE came before the court on May 22, 2017 to consider *Chapter 7 Trustee's Motion to (I) Approve a Short Sale of Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m), (II) Bid Procedures, (III) Surcharge Agreement Between Secured Lender and the Estate, (IV) Secured Lender's Right to Credit Bid, and (V) Other Relief* (the "Motion") (Dkt. No. 50). For the reasons stated orally in open court and recorded on the record which shall constitute the decision of the Court it is, accordingly

ORDERED:

1.    The Motion is GRANTED.

2.    The Trustee is authorized to sell the real property located at:

Unit 101, BAY VILLA CONDOMINIUM, a Condominium, together with an undivided share in the common elements appurtenant thereto, according to the Declaration of Condominium thereof, as recorded in O.R. Book 15451, Page 2183, and as amended in O.R. Book 15472, Pages 1672 through 1680 and all its attachments and amendments, and according to the plat thereof, as recorded in Condominium Plat Book 145, Page 57 through 61, and as amended in

Condominium Plat Book 145, Pages 64 through 68, Public Records of Pinellas County, Florida.

Parcel Identification Number: 19-31-17-05539-000-1010

more commonly known as, 201 6th Street S, Unit 101, St. Petersburg, FL 33701 (the "Real Property"), for $100,000.00, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

3. The Trustee is authorized to pay the secured mortgage creditor, Wells Fargo (also known as "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

4. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Streetcat Holdings, LLC, a Florida Limited Liability Company (the "Buyer").

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

    a. Timothy Ganley and Karen Ganley, Debtors.

    b. Wells Fargo, mortgage lienholder .

    c. Bay Villa Condominium Assoc., Inc., condo association lienholder.

6. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

7. The Buyer has not assumed any liabilities of the Debtors.

8. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the

purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|     2% to Future Home Realty Inc. | $2,000.00 |
|     2% to MC Homes Realty, Inc. | $2,000.00 |
|     2% to BK Global Real Estate Services | $2,000.00 |
| Pinellas County Real Property Taxes | $1,135.04 |
| Title Charges | $2,935.00 |
| Government recording / transfer charges: | $794.00 |
| HOA Estoppel Fee to Elite Property Research | $450.00 |
| HOA Transfer Fee to West Coast Management | $150.00 |
| Bankruptcy Estate Fee to Trustee | $7,500.00 |
| Other / Debits | $202.00 |
|     *(incl. 506(c) surcharge, Trustee Liability Insurance)* | |
| Satisfaction of Liens: | |
|     Wells Fargo (home mortgage servicer) | $80,118.96 |
|     HOA Dues (Bay Villa Condominium Assoc., Inc.) | $1,509.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable home owners association.

9. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

10. Buyer is approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

11. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents

thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

12. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

Douglas Menchise, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.